**Jesus NINO, Petitioner–Appellant,**

v.

**George GALAZA, Warden; Attorney General of the State of California, Respondents–Appellees.**

**No. 98–55563.**

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 1999.[1]

Decided July 6, 1999.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jesus Nino, Corcoran, California, pro se, for the petitioner-appellant.

David Andrew Eldridge, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

Before: BROWNING, THOMAS, and WARDLAW, Circuit Judges.

THOMAS, Circuit Judge:

In this appeal, we are asked to decide whether the time tolled for exhaustion of state remedies pursuant to 28 U.S.C. § 2244(d) includes the interval between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. We conclude that, for purposes of § 2244(d), the time must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies. Accordingly, we reverse the district court's dismissal of petitioner's habeas corpus petition as untimely.

I

One of the most venerable doctrines in federal habeas corpus jurispru-

dence is that a state prisoner must fully and fairly present his or her claims to state courts before seeking federal habeas relief. *See Ex parte Hawk,* 321 U.S. 114, 116–17, 64 S.Ct. 448, 88 L.Ed. 572 (1944); *Ex parte Royall,* 117 U.S. 241, 252–53, 6 S.Ct. 734, 29 L.Ed. 868 (1886). The rule was first codified in 1948, *see Felker v. Turpin,* 518 U.S. 651, 662 n. 4, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and adopted in its present form by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.A. § 2254(b)(1) (West Supp.1999).

The exhaustion requirement is "grounded in principles of comity." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). It is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court has assiduously applied and expanded the exhaustion principle. *See, e.g., O'Sullivan v. Boerckel,* — U.S. —, — – —, 119 S.Ct. 1728, 1729–30, 144 L.Ed.2d 1 (1999) (holding that a state prisoner must exhaust discretionary state post-conviction remedies before seeking federal habeas relief); *Rose,* 455 U.S. at 522, 102 S.Ct. 1198 (holding that federal courts must generally dismiss petitions containing both exhausted and unexhausted claims).

In addition to supplanting prior statutory exhaustion requirements, AEDPA imposed limits on the time in which a state prisoner could file a federal habeas petition. Previously, aside from certain prudential considerations, a petitioner had "almost unfettered discretion" in deciding when to file his federal petition. *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1286 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530 (9th Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). In furtherance of "Congress's desire to accel-

erate the federal habeas process," *Beeler*, 128 F.3d at 1289, AEDPA imposed a one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner, *see* 28 U.S.C.A. § 2244(d)(1) (West Supp.1999). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A-D).

Further, AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

■ The decisive factor in this case in determining whether Nino's federal petition was timely filed is whether AEDPA's statute of limitations remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level. Deciding that question requires construction of when an application for state post-conviction or collateral review is "pending."

To date, only one other circuit court has squarely faced the issue. In concluding that applying tolling during these periods was consistent with the principle of total exhaustion, the Tenth Circuit held that AEDPA's statute of limitations was tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Although not directly faced with the question, the Eleventh Circuit has also tolled all of the time during which a § 2254 petitioner exhausted his claims in state court. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir.1999) (tolling the statute of limitations from the time petitioner filed his state post-conviction petition in Alabama circuit court until the time the Alabama Supreme Court denied certiorari).

We agree with the Tenth and Eleventh Circuits. A contrary construction would be antithetical to the entire theory of state remedy exhaustion and would inevitably lead to the filing of protective federal petitions. Our conclusion is reinforced by the Supreme Court's recent decision in *O'Sullivan*. In that case, the Court held that before a state prisoner files a federal habeas petition, he must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." —— U.S. at ——, 119 S.Ct. at 1732. Tolling the federal statute of limitations while the state prisoner is properly adhering to exhaustion requirements reinforces the orderly presentation of claims to the appropriate state tribunals and obviates the need for federal action prompted by AEDPA's statute of limitations.

This sensible construction of AEDPA's requirements accords with the broad construction given the word "pending" in the context of defining a "pending" federal habeas petition. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129

L.Ed.2d 666 (1994) (holding that a post-conviction proceeding is pending when a request for appointment of counsel has been made); *Kelly,* 163 F.3d at 540, *cert. denied,* —— U.S. ——, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *cf. Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 1972, 141 L.Ed.2d 242 (1998) (holding that an application for a certificate of appealability constitutes a "case" subject to appellate review). Our construction of the word "pending" in other contexts is consistent with this approach. *See, e.g., Beverly Community Hosp. Ass'n v. Belshe,* 132 F.3d 1259, 1264–65 (9th Cir.1997) (holding that a "pending" lawsuit, as that word was used in the Balanced Budget Act of 1997, included cases on appeal as well as those undecided by the district court), *cert. denied,* —— U.S. ——, 119 S.Ct. 334, 142 L.Ed.2d 276 (1998); *Gray v. First Winthrop Corp.,* 989 F.2d 1564, 1571 (9th Cir. 1993) (holding that, for separation of powers purposes, a suit is pending until the availability of appeal is exhausted).

For these reasons, we join the Tenth and Eleventh Circuits in concluding that the AEDPA statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett,* 167 F.3d at 1323.

 Applying these principles to California's post-conviction procedure, we hold that the statute of limitations is tolled from the time the first state habeas petition is filed [2] until the California Supreme Court rejects the petitioner's final collateral challenge.[3] AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval.

## II

Because the statute of limitations was tolled during the period in which Nino was properly pursuing his state post-conviction remedies, the district court erred in dismissing Nino's federal habeas petition as untimely. The statute of limitations in Nino's case began to run on April 24, 1996, the day AEDPA took effect. *See Beeler,* 128 F.3d at 1287–88. Nino filed his first petition for collateral state post-conviction relief in the Los Angeles Superior Court on March 4, 1997. As of the day before, March 3, he had "used" 314 days of his allotted 365 days. On March 11, 1997, the Los Angeles Superior Court denied Nino's first petition. On April 23, 1997, he filed a habeas petition in the California Court of Appeals; that petition was denied on May 1, 1997. On May 20, 1997, he filed a petition with the California Supreme Court, which was denied on August 27, 1997. Because he was properly pursuing his state collateral remedies,[4] AEDPA's statute of limitations was tolled until the

---

**2.** In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See* Cal. Const. art. VI, § 10. The state prisoner may first present his habeas petition to the superior court. *See* Cal. R. Ct. 260. Although a superior court order denying habeas corpus relief is non-appealable, *see People v. Griggs,* 67 Cal.2d 314, 61 Cal.Rptr. 641, 431 P.2d 225, 227 (1967), a state prisoner may file a new habeas corpus petition in the court of appeals, *see In re Reed,* 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216, 217 n. 2 (1983).

**3.** If the California court of appeals denies a habeas petition, the petitioner may seek review in the California Supreme Court by way of a petition for review. *See Reed,* 191 Cal. Rptr. 658, 663 P.2d at 217 n. 2; *In re Michael E.,* 123 Cal.Rptr. 103, 538 P.2d 231, 237 n. 15 (1975). A petitioner may instead file an original habeas petition in the supreme court, but petitions for review are strongly preferred. *See id.*

**4.** Because it is not at issue in this case, we express no opinion as to whether tolling pursuant to AEDPA should be applied if the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims. *See In re Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 317–18 (1998); *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 745

California Supreme Court denied his petition for review of the court of appeals' denial of his habeas petition. Following that denial, Nino then had fifty-one days before the one-year statute of limitations expired. Nino filed his federal habeas petition on September 15, 1997, rendering his petition timely filed.

### III

Tolling during the time a state prisoner is pursuing his state post-conviction remedies allows the state courts to have the unfettered first opportunity to review the prisoner's claim and to provide any necessary relief. By forfending protective federal filings while a state prisoner is properly exhausting state remedies in proceeding from one state court to the next, we avoid the " 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* —— U.S. at ——, 119 S.Ct. at 1732 (quoting *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). By staying the federal hand while the state court system is considering the claim, we also recognize that each state is entitled to formulate its own system of post-conviction relief, and ought to be able to administer that system free of federal interference. Tolling AEDPA's statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems.

For these reasons, we conclude that petitioner's federal claim was timely filed and that the district court erred in dismissing it.

### REVERSED AND REMANDED

(1993). We also do not express an opinion as to whether tolling would be appropriate if the California state courts had determined the state prisoner had not been properly pursuing his state post-conviction remedies, such as by filing successive petitions. *See Robbins,* 77 Cal.Rptr.2d 153, 959 P.2d at 322 n. 9.