Leamon SPIKES, Petitioner–Appellant,

v.

R.Q. HICKMAN, Warden; Attorney General of the State of California, Respondent–Appellee.

No. 00–16352.

D.C. No. CV–99–02548–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Spikes' request for oral argument is denied.

---

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

■ California state prisoner Leamon Spikes appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's dismissal, on statute of limitations grounds, of a petition for writ of habeas corpus, *Bunney v. Mitchell*, 241 F.3d 1151, 1154 (9th Cir.2001), and we affirm.

■ Because Spikes' conviction became final after the enactment of Anti-terrorism and Effective Death Penalty Act of 1996, Spikes' petition is subject to a one-year statute of limitations running from the date of which his conviction became final. 28 U.S.C. § 2244(d)(1). This statute of limitations is tolled for all of the period during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies.

*Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999).

■ Because Spike did not have any court petitions pending for over a year after his conviction became final, the statute of limitations was not tolled, he cannot benefit from tolling, and his habeas petition must be deemed untimely. *Id.*

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.