David Richard COOLEY, Petitioner–
Appellant,

v.

Cheryl PLILER, Respondent–Appellee.

No. 99–17578.

D.C. No. CV–98–02227–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided March 30, 2001.

Before REINHARDT, LEAVY and
SILVERMAN, Circuit Judges.

MEMORANDUM *

David Richard Cooley, a California state prisoner, appeals the district court's order dismissing as untimely filed his petition for a writ of habeas corpus as limited by 28 U.S.C. § 2254. Cooley's petition challenges his 1993 convictions, following a car accident in which Cooley's passenger was killed, of second degree murder and driving under the influence. We have jurisdiction under 28 U.S.C. § 2253(c) and, after de novo review, we affirm.

Cooley did not file a direct appeal of his convictions. His first state court challenge to his convictions was a petition for writ of habeas corpus and/or error coram nobis filed in the Nevada County Superior Court on January 20, 1998. His final state petition was denied on July 29, 1998.

Cooley filed his first federal petition for writ of habeas corpus on November 17, 1998. The district court granted the government's motion to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AED-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

PA). Cooley filed a timely Notice of Appeal. We granted Cooley's request for a certificate of appealability on the following issue: "whether the district court properly dismissed the petition as untimely in light of *Nino v. Galaza*, 183 F.3d 1003 (9th Cir.1999)."

## ANALYSIS

Effective April 24, 1996, Congress enacted the AEDPA, imposing, for the first time, a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. For prisoners like Cooley, whose convictions became final before passage of the AEDPA, the one-year limitations period began running when AEDPA took effect and expired one year later, unless it was tolled. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

■ The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Under *Nino v. Galaza*, 183 F.3d 1003, 1006, *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." However, "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Id.* *Nino*'s holding is inapplicable to Cooley's petition. Because Cooley did not directly appeal his state convictions and did not file his first state habeas petition until January 20, 1998, the one-year statute of limitations began running on April 24, 1996, and expired one year later.

Relying on 28 U.S.C. § 2244(d)(1)(D), Cooley also argues that the statute of limitations did not begin to run until August 1997 when he was advised by federal habeas counsel that he had a possible defense to the charge of second degree murder. He asserts that he was in a state of denial concerning the car accident until July 1997. Section 2244(d)(1)(D) provides that the one-year statute of limitations begins to run from "the date on which the factual predicate or the claim or claims presented could have been discovered through the exercise of due diligence."

■ Lack of legal assistance is generally insufficient to justify tolling the statute of limitations. *See Hughes v. Idaho Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Moreover, the facts that Cooley relies on as a possible defense, bald tires, passing at a safe speed of 70 m.p.h, and victim not wearing a seatbelt, were all known to him at the time of his conviction.

## CONCLUSION

The district court's dismissal is AFFIRMED.