**Ruben Garcia GUERRERO,**
**Petitioner–Appellant,**

v.

**Thomas M. MADDOCK, Director; and Attorney General of the State of California, Respondents–Appellees.**

No. 99–55002.

D.C. No. CV–98–00464–AHS–EE.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 1999.*

Decided April 13, 2001.

Before RYMER and MCKEOWN, Circuit Judges, and SHEA,** District Judge.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

** Honorable Edward F. Shea, United States District Judge for the United States District Court for the Eastern District of Washington, sitting by designation.

AMENDED MEMORANDUM ***

This case is again before us after remand from the Supreme Court in light of *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Ruben Garcia Guerrero appeals from the district court's dismissal of his habeas petition, brought under 28 U.S.C. § 2254, on statute of limitations grounds. After review of the record and the original and supplemental briefs, we conclude that Mr. Guerrero's petition was timely filed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation on federal habeas petitions. 28 U.S.C. § 2244(d). Here, the limitation period began to run on April 24, 1996, the effective date of the AEDPA. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). Mr. Guerrero claims that the AEDPA limitations period was tolled from the time he delivered the first state petition on April 14, 1997 until he received the California Supreme Court's decision denying his last state habeas petition on May 26, 1998.

Mr. Guerrero's first state petition in superior court was delivered after 355 days of the period had run. Under *Nino*, the statute of limitations is "tolled during the period in which [the petitioner] was properly pursuing his state post-conviction remedies ." *Id.* at 1006. After the California Supreme Court denied Mr. Guerrero's final petition on May 20, 1998, ten days remained in which he could timely file his federal petition. Mr. Guerrero's petition was delivered to the clerk and stamped "lodged" on May 27, 1998, although it was not filed by the clerk until June 4, 1998. The limitations period expired on May 30, 1998.

*** This disposition is not appropriate for publication and may not be cited to or by the

 For purposes of a statute of limitations, papers and pleadings are considered filed when they are placed in the possession of the court, not when they are filed by the clerk. *See Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 920 (9th Cir.1987); Fed.R.Civ .P. 5(e). Mr. Guerrero's petition was delivered three days before the limitations period expired. Accordingly, it was timely filed. Therefore, we reverse and remand to the district court to consider the merits of the petition.

REVERSED and REMANDED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.