Tommy Dahl **ROBERTS**, Petitioner–
Appellant,

v.

Robert L. **AYERS**, Respondent–
Appellee.

No. 99–16167.

D.C. No. CV–98–05467–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2001.*

Decided June 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,** District Judge.

### MEMORANDUM ***

As Appellee acknowledges, the Ninth Circuit has interpreted the term "pending" in 28 U.S.C. § 2244(d)(2) to include not merely the time a filing is before a court, but the time in between a court's decision and the filing of an appeal.[1] Thus, the reason for dismissing the petition given by the district court must be rejected.

Appellee asserts that the district court's decision should be affirmed on another ground. However, the argument advanced by Appellee was recently rejected by the Supreme Court.

In *Artuz v. Bennett*,[2] the Supreme Court defined the term "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), the statute in question here. The Supreme Court explained its interpretation as follows:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . . And an application is *"properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the

time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.[3]

Thus, the Supreme Court made it clear that the tolling provision of § 2244(d)(2) applies whether a petition is procedurally flawed or not, so long as the petition was properly filed. Accordingly, the Appellee's argument must be rejected. No ground for affirming exists, and the district court's decision must be reversed.

REVERSED AND REMANDED.

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Nino v. Galaza*, 183 F.3d 1003, 1005–06 (9th Cir.1999).

2. 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

3. *Artuz*, 531 U.S. 4, 121 S.Ct. at 363–64 (footnote and citations omitted).