**Pablo RODRIGUEZ, Petitioner–Appellant,**

v.

**John TRISTAN, Respondent–Appellee.**

No. 00–56531.

D.C. No. CV–99–13276–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

■ California state prisoner Pablo Rodriguez appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a habeas petition on statute of limitations grounds, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

■ Rodriguez contends that the district court erred by dismissing his petition as untimely because the AEDPA's applicable one-year statute of limitations was tolled, with 39 days remaining, from the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

time that he filed his first petition in the California Supreme Court until the day that the California Court of Appeal denied his final petition on its merits.[1] This contention lacks merit.

Even if we were to conclude that the statute of limitations was tolled during the pendency of both Rodriguez's first and second petitions filed in the California Supreme Court, the latest date upon which he could have timely filed his federal petition would have been August 2, 1999. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) *cert denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787, (2000) (holding that the statute of limitation is tolled until the California Supreme Court rejects a petitioner's collateral challenge). Instead, Rodriguez waited until August 19, 1999 to file a third petition, this time in the Los Angeles Superior Court.

*Nino* provides for the tolling of the statute of limitations for "all of the time during which a state prisoner is attempting, thorough proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino*, 183 F.3d at 1006. Our decision in Nino, however, also provides that the statute of limitations is not tolled from the time of a final decision is issued in a direct appeal to the time of filing of a collateral challenge because there is "no case 'pending' during that interval". *Id.*

Applying *Nino* to Rodriguez's case, we conclude that the statute of limitations was not tolled between the time that the California Supreme Court denied Rodriguez's initial habeas petition and the filing of his subsequent petition in the Los Angeles Superior Court. Rodriguez's section 2254 petition therefore is barred by the statute of limitations and was properly dismissed by the district court. 28 U.S.C. § 2244(d); *See Nino*, 183 F.3d at 1006.

AFFIRMED.

---

1. In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See* Cal. Const. art. VI, § 10. A petitioner may file an original habeas petition in the supreme court, but petitions for review are strongly preferred. *See In re Michael E.*, 14 Cal.3d 892, 123 Cal.Rptr. 103, 538 P.2d 231, 237 n. 15 (1975).

