**Andre R. GONCALVES, Petitioner–Appellant,**

v.

**Belinda STEWART, Respondent–Appellee.**

No. 00–35598.
DC No. CV 99–1330 JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 31, 2001.

Before TASHIMA and TALLMAN, Circuit Judges, and MOLLWAY, District Judge.*

MEMORANDUM **

Petitioner Andre Goncalves' state conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. Thus, the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the statute's effective date, April 24, 1996, and expired on April 23, 1997. *Saffold v. Newland*, 250 F.3d 1262, 1265 (9th Cir.2000) (as amended). But, the statute can be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Goncalves argues that his first personal restraint petition ("PRP") is still pending because the state court of appeals failed to issue a certificate of finality. We disagree.

Even assuming that, at the time that Goncalves' first PRP was dismissed, Washington law required the court of appeals to issue a certificate of finality, the lack of such certificate does not mean that Goncalves' PRP is still pending. A state collateral proceeding is "pending" for the purpose of tolling the statute of limitations

---

* The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Cir. R. 36–3.

for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) (internal quotation marks omitted). Here, once the court of appeals dismissed Goncalves' PRP on October 29, 1996, he had 30 days to seek review of that decision in the Washington Supreme Court. Wash. R.App. P. 13.5(a) (West 1998) ("A party seeking review by the Supreme Court of an interlocutory decision of the Court of Appeals must file a motion for discretionary review in the Supreme Court and a copy in the Court of Appeals within 30 days after the decision is filed.").

Goncalves filed a motion for an extension of time to file for discretionary review, but, on January 10, 1997, he moved to withdraw his motion for discretionary review altogether. The Washington Supreme Court granted the latter motion on January 14, 1997. Even assuming that the motion for an extension of time was a proper use of state court procedures, after he withdrew his motion for discretionary review, Goncalves could no longer "attempt[ ], through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino*, 183 F.3d at 1006 (internal quotation marks omitted). In other words, the Washington Supreme Court's grant of his motion to withdraw his motion for discretionary review terminated his collateral review proceeding. Whether or not the certificate of finality was issued, collateral review proceeding was terminated. *Cf. Wixom v. Washington*, 264 F.3d 894 (9th Cir.2001) (holding that, on direct appeal, it was the decision of the court of appeals affirming the conviction that terminated direct review, not the issuance of the mandate). Hence, because his first PRP was no longer pending as of January 14, 1997 (at the latest), and because he did not file his second PRP until June 14, 1998, the one-year statute of limitations ran, and his federal petition is untimely.

Accordingly, the judgment of the district court denying issuance of the writ of habeas corpus is **AFFIRMED**.