Melvin David SMITH, Petitioner–
Appellant,

v.

C.A. TERHUNE, Director, California
Department of Corrections; Attorney
General of the State of California,
Respondents–Appellees.

No. 99–55921.

D.C. No. CV–98–06971–GHK–CT.

United States Court of Appeals,
Ninth Circuit.

**540**

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Melvin David Smith, a California state prisoner, appeals pro se the district court's denial as untimely under 28 U.S.C. § 2244(d)(1) his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we vacate and remand.

█ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). State prisoners, like Smith, whose convictions became final prior to the AEDPA's enactment on April 24, 1996, have a one-year grace period in which to file their petitions. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999) (recognizing that AEDPA's limitations period does not run against any state prisoner before the date of AEDPA's enactment). The grace period, however, is tolled by statute any time during which a properly filed application for post-conviction relief is pending before the state court. *See Nino v. Galaza,* 183 F.3d 1003, 1005–06 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

█ After the district court rendered its decision in this case, we applied § 2244(d) to California's post-conviction procedure and concluded that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino,* 183 F.3d at 1006; *see also Saffold v. Newland,* 250

F.3d 1262, 1266 (9th Cir.2000) (holding statute of limitations tolled during pendency of entire collateral appeal process despite substantial delay between petitions), *cert. granted* —— U.S. ——, 122 S.Ct. 393, —— L.Ed.2d —— (2001). In light of *Nino*, we vacate and remand to the district court for further consideration of the timeliness of Smith's petition.[1]

**VACATED and REMANDED.**

---

1. All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument and denies Edwards' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.