Jack **KEESLING**, Petitioner–Appellant,

v.

Ernie **ROE**, Warden, Respondent–Appellee.

No. 00–55360.

D.C. No. CV–99–06640–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

California state prisoner Jack Keesling appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Keesling contends that the district court erred by dismissing his petition as untimely, because the AEDPA's one-year statute of limitations does not apply to his conviction. He is mistaken. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001) Keesling further contends that even if the statute of limitations does apply, it was tolled, and that his § 2254 petition was timely. This contention also lacks merit.

The AEDPA's statute of limitations was not tolled during the 55 day period between enactment of the statute and the filing of Keesling's Superior court petition. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). Nor was it tolled during the seven months between the California Supreme Court's final decision on Keesling's initial habeas petition, and his filing of a subsequent petition in the Los Angeles Superior Court. *See id.* (stating that there is no tolling when no petition is "pending" except when a prisoner is properly using state court procedures to exhaust state court remedies on a particular

post-conviction application). Accordingly, even assuming that Keesling's petition for certiorari tolled the statute of limitations, the last day on which Keesling could have properly filed his petition was February 1, 1999.

Because the AEDPA's one year statute of limitation is applicable to Keesling's habeas petition, and because the petition was not filed until June 9, 1999, the petition is barred by the statute of limitations and was properly dismissed by the district court. 28 U.S.C. § 2244(d); *see Nino*, 183 F.3d at 1006.

AFFIRMED.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All outstanding motions are denied.