Daniel VALDEZ, Petitioner–Appellant,

v.

George M. GALAZA, Warden, Respondent–Appellee.

No. 00–15870.

D.C. No. CV–98–06362–AWI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Nov. 8, 2001.

Rawlinson, Circuit Judge, filed dissenting opinion.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [1]

Daniel Valdez appeals the district court's dismissal of his habeas petition as time-barred under 28 U.S.C. § 2254(d). Valdez contends that his petition was timely filed under AEDPA because the statute of limitations was tolled during the pendency of his state court habeas filings. Because we agree that Valdez's petition was timely filed, we reverse and remand.

Valdez was convicted of possession of a firearm by a convicted felon, assault with a firearm, firing at an occupied motor vehicle, and exhibiting a firearm in a threatening manner to one in a motor vehicle in October of 1994, and he was sentenced to nineteen years imprisonment pursuant to California's "three strikes" law on November 14, 1994.[2] He timely appealed his sentence, and the California Supreme Court denied direct review on May 22, 1996. Valdez filed a state habeas corpus petition challenging the constitutionality of his sentence in the California Court of Appeals on March 16, 1997 and it was denied on April 4, 1997. He then filed his state habeas corpus petition in the Califor-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

2. Valdez had two prior offenses which included an August 30, 1998 conviction for selling cocaine and a January 2, 1990 conviction for assault by means of force likely to produce great bodily injury.

nia Supreme Court on July 20, 1997 and it was denied on November 25, 1997. Valdez then filed a state habeas corpus petition in the Fresno County Superior Court asserting his right to *Romero* relief[3] on April 20, 1998 and it was denied on July 28, 1998. On November 18, 1998, Valdez filed the instant federal court petition. The federal district court dismissed his petition as untimely on February 9, 2000, and Valdez now timely appeals.

## ANALYSIS

Valdez's conviction became final on August 20, 1996—ninety days after the California Supreme Court denied his direct appeal. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Accordingly, the AEDPA statute of limitations began running on August 21, 1996 and, without any tolling, was scheduled to expire on August 20, 1997. *See* 28 U.S.C. § 2244(d); *see also Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001) (calculating AEDPA's one-year statute of limitations according to Federal Rule of Civil Procedure 6(a)). Valdez did not file the instant federal habeas corpus petition in district court until November 18, 1998. Therefore, his petition was untimely absent statutory or equitable tolling.

■ The time that Valdez's state habeas petitions were pending in the state courts is tolled. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999). The state concedes that the statute of limitations was tolled from the time that Valdez filed his state habeas petition in the California Court of Appeals on March 16, 1997 until the California Supreme Court denied that petition on November 25, 1997. Additionally, a summary dismissal of a habeas petition by the California Supreme Court does not become final until 30 days after the dismissal is issued. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001); *see also* Cal. Ct. R. 24.

■ The state argues, however, that the statute of limitations should not be tolled during the pendency of Valdez's superior court petition because the petition was premised on the sentencing court's failure to exercise its statutory discretion to strike prior convictions under *People v. Superior Court (Romero),* 13 Cal.4th 497, 53 Cal. Rptr.2d 789, 917 P.2d 628 (1996), and did not assert one of the eight grounds for relief asserted in Valdez's federal habeas petition. The state's argument that the superior court petition was not filed "with respect to a pertinent judgment or claim" under 28 U.S.C. § 2244(d)(2) was addressed and rejected in *Tillema v. Long,* 253 F.3d 494 (9th Cir.2001). In *Tillema,* we held that the "AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." *Id.* at 502.

---

3. In *People v. Superior Court (Romero),* 13 Cal.4th 497, 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996), the California Supreme Court held that "an interpretation of the three strikes law that would deprive a trial judge of the power to dismiss a prior felony conviction allegation absent the prosecutor's consent would violate the constitutional doctrine of separation of powers." The court stated that its holding was "fully retroactive" and further held that

A defendant serving a sentence under the Three Strikes law ... imposed by a court that misunderstood the scope of its discre-

tion to strike prior felony allegations in furtherance of justice ... may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court.

*Id.* at 530 n. 13, 53 Cal.Rptr.2d 789, 917 P.2d 628. Because the *Romero* decision was not filed until after Valdez's conviction was final, *Romero* required Valdez to pursue relief in the "sentencing court"—the Fresno County Superior Court.

 Additionally, we reject the state's argument that the statute of limitations should not be tolled during the time between the filing of Valdez's California Supreme Court habeas petition and his Fresno County Superior Court habeas petition. In *Nino v. Galaza*, we held that "the AEDPA statute of limitations is tolled for all of the time during which a state prisoner is attempting, *through proper use of state court procedures,* to exhaust state court remedies with regard to a particular post-conviction application." 183 F.3d at 1006 (internal quotations omitted and emphasis added). This includes the time between the filing of Valdez's legal challenge to the constitutionality of his sentence in the state appellate courts and his factual challenge under *Romero* in the superior court. *See Welch v. Newland*, 267 F.3d 1013 (9th Cir.2001) ("[P]ost-conviction review is 'pending'—and thus AEDPA's statute of limitations is tolled—from 'the time the *first* state habeas petition is filed until the California Supreme Court rejects the petitioner's *final* collateral challenge.'" (quoting *Nino*, 183 F.3d at 1006) (emphasis in original)); *Saffold v. Newland*, 250 F.3d 1262, 1265 (9th Cir.2000) (holding that the AEDPA statute of limitations was tolled "for the entire period during which Saffold pursued state habeas relief" including the time between filings). The order in which Valdez filed his state court petitions is irrelevant. No rule required him to begin his pursuit of state relief in the superior court and none barred him from seeking review of his *Romero* claim after other claims had been denied by the appellate courts. In fact, the *Romero* case itself *required* him to return to the Fresno County Superior Court in order to petition for relief. *Romero*, 13 Cal.4th at 530 n. 13, 53 Cal.Rptr.2d 789, 917 P.2d 628 (quoted *supra* note 3). Consequently, we hold that the AEDPA statute of limitations was tolled for the time period between Valdez's initial filing of his habeas petition in state court on March 16, 1997 and the denial of his superior court petition on July 28, 1998.

Because the AEDPA statute of limitations expired on August 20, 1997 and Valdez did not file the instant federal habeas petition until November 18, 1998, the federal petition was 456 days late, absent tolling. However, because 500 of those days were tolled, the petition was timely.

Accordingly, we REVERSE the district court's order and REMAND the case for the district court to consider Valdez's claims on the merits.[4]

**REVERSED AND REMANDED.**

Judge RAWLINSON dissenting.

I respectfully dissent. The majority's ruling opens the door to a never-ending spiral of habeas review. *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir.1999), limits tolling to "intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level*" (emphasis added). Daniel Valdez's petition in Superior Court following the Supreme Court's denial of his state petition does not fit within the *Nino* rubric. For that reason, I would affirm the district court's dismissal of Valdez's petition.

---

4. Valdez also contends, as an alternative argument, that he is entitled to equitable tolling because he was subjected to racially discriminatory lock-downs as well as scheduled prison transfers that deprived him of access to his legal papers and to the law library at relevant times. The district court denied his motion for relief from judgment and for discovery and did not permit him to develop a factual record to support his equitable tolling claim. Because he find that his petition was timely filed, we do not address that claim.