Nelson M. TORRES, Petitioner—Appellant,

v.

S.L. HUBBARD, Respondent—Appellee.

No. 00–16229.

D.C. No. CV–99–20494–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 19, 2001.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Nelson Torres appeals an order of the district court dismissing his habeas petition on grounds that it was filed beyond the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"). Underlying some of the district court's analysis was the view that Torres was not entitled to statutory tolling of the limitations period during the pendency of any state habeas petitions that were ultimately rejected on

procedural grounds. That view, however, was subsequently rejected by the United States Supreme Court in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). This court granted Torres a certificate of appealability on the question whether, in light of *Artuz*, his federal petition was timely. We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Torres cites no authority that would entitle him to equitable tolling of the AEDPA limitations period for the entire time prior to the filing of his third state habeas petition. Assuming that equitable tolling would be available because of the failure of Torres's counsel to seek direct review by the California Supreme Court, such tolling would end, at the latest, on April 3, 1997, the date Torres filed his first state habeas petition. Thereafter, only statutory tolling is relevant.

■ Torres is entitled to have the time during which his state habeas petitions were pending tolled, but statutory tolling is available for periods *between* those petitions only when the petitions comprise "one complete round of the State's established appellate review process." *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir.1999). Statutory tolling does not apply to periods between petitions, such as Torres's successive petitions filed in the California Supreme Court, that do not form part of a progressive series from the superior court, to the court of appeal, to the California Supreme Court. *See Dils v. Small*, 260 F.3d 984 (9th Cir.2001); *see also Nino*, 183 F.3d at 1005; *Saffold v. Newland*, 250 F.3d 1262 (9th Cir.2000); *Welch v. Newland*, 267 F.3d 1013 (9th Cir.2001).

Denial of Torres's first state habeas petition became final thirty days from issu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ance of the California Supreme Court's order. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001). Assuming that Torres's second state habeas petition was filed on September 27, 1997 (pursuant to the mailbox rule, *see Saffold*, 250 F.3d at 1265), ninety-one days of the one-year limitations period elapsed between Torres's first and second state court petitions. Similarly, the denial of Torres's second state habeas petition became final thirty days from issuance of the supreme court's order. Again assuming pursuant to the mailbox rule that Torres filed his third state petition on January 5, 1999, 311 more days elapsed between his second and third state petitions. As statutory tolling is not available for any of these 402 days, Torres's federal habeas petition is not timely.

Nor does Rule 6(e) of the Federal Rules of Civil Procedure apply in this case. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929–30 (9th Cir.1994) (rule does not extend deadlines triggered by entry of court orders). However, even if Rule 6(e) were applicable, it would not affect the outcome.

Finally, operation of AEDPA's one-year limitations period to bar Torres's federal petition does not violate the Suspension Clause. *See Green v. White*, 223 F.3d 1001 (9th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331 (11th Cir.2001).

AFFIRMED.