Thelbert A. SELF, Petitioner—Appellant,

v.

E. ROE, Warden; Bill Lockyer, Attorney General, Respondents—Appellees.

No. 00–56482.

D.C. No. CV–00–00162–JTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Submission Deferred Oct. 26, 2001.

Resubmitted Nov. 15, 2001.

Decided Nov. 20, 2001.

Before FERNANDEZ, KLEINFELD and McKEOWN, Circuit Judges.

MEMORANDUM *

Thelbert Self appeals the district court's denial of his petition for habeas corpus. Because Self's petition was time-barred by the one-year limitations period, *see* 28 U.S.C. § 2244(d)(1), we affirm.

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." In *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) *cert denied,* 529 U.S. 1104, 120 S.Ct. 1846,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

146 L.Ed.2d 787 (2000), we held that the "statute of limitations remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level.*" *Id.* at 1005 (emphasis added). Self asks us to extend the reasoning of *Nino* to this case where successive petitions were filed at the same appellate level to the state's highest court. We cannot do so. *See Dils v. Small,* 260 F.3d 984, 986 (9th Cir.2001) (holding that statute of limitations is not tolled during gap between successive state habeas petitions filed to the state's highest court). Therefore, because Self's petition would only be timely if the limitations period was tolled during the gap between his successive petitions to the California Supreme Court, his federal habeas petition is time-barred.

**AFFIRMED.**