Johnel M. BAILEY, Petitioner–Appellant,

v.

Ana M. RAMIREZ, Warden, Respondent–Appellee.

No. 01–15417.

D.C. No. CV–00–01865–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Johnel M. Bai-

---

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Foote's request for oral argument is denied.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

ley appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely under 28 U.S.C. § 2254(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a habeas petition on statute of limitations grounds, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Bailey contends that the district court erred by dismissing his habeas petition as untimely because the statute of limitations should have been tolled during the gaps between his successive petitions. We disagree.

The AEDPA's one-year statute of limitation period is tolled during that pendency of a properly filed application for state post-conviction relief. See 28 U.S.C. § 2244(d)(2). In *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), we concluded that the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and that the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. *See also Patterson v. Stewart,* 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue.").

The record here shows that Bailey filed his first, second, and fourth state habeas petitions directly with the California Supreme Court; he filed his third petition in the Alameda County Superior Court. Accordingly, we conclude that the holding of *Nino* is inapplicable. *See Nino,* 183 F.3d at 1007 n. 4. The district court therefore properly concluded that the statute of limi-

tations was not tolled for the periods between each of Bailey's separate state habeas petitions.

Nevertheless, subsequent to the district court's dismissal of Bailey's federal petition, we determined that a denial of a habeas petition by the California Supreme Court does not become final until 30 days after the dismissal is issued. *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001). Bailey therefore is entitled to an additional 90 days of tolling for each of his three state habeas petitions filed with the California Supreme Court. *Id.* Additionally, application of the mailbox rule tolled the statute of limitations. *See Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir.2001) (concluding that under the prison mailbox rule a state habeas petition is deemed filed when a prisoner hands it over to prison authorities for mailing to the court). As a result, Bailey's federal habeas petition was timely by 12 days. Therefore, we vacate and remand for further proceedings consistent with this opinion.[1]

VACATED and REMANDED.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because we conclude that Bailey's 2254 petition was timely, we do not address whether

extraordinary circumstances required consideration of equitable tolling of the statute of limitations in this case.