**Chaves V. ROGGE, Petitioner–Appellant,**

**v.**

**J. CAMBRA, et al., Respondents–Appellees.**

No. 00–56997.

D.C. No. CV–98–0080–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before PREGERSON, ALARCON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Chaves V. Rogge appeals the district court's dismissal of his habeas petition. *See* 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Rogge argues that the district court erred in declaring his petition untimely. The clock began to run on Rogge's petition on April 25, 1996, the day after the effective date of the Antiterrorism and Effective Death Penalty Act. *See Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir.2002). One hundred and thirty-nine (139) days elapsed until Rogge mailed a habeas petition to the Superior Court of California on September 11, 1996. *See Huizar v. Carey,* 273 F.3d 1220, 1223–1224 (9th Cir.2001). The clock stopped until that petition was denied on November 7, 1996, *see* 28 U.S.C. § 2244(d)(2), and then 146 days elapsed until he filed a petition for habeas relief with the California Court of Appeal on April 23, 1997. That petition was denied on May 14, 1997, and another 107 days passed until he filed a habeas petition with the California Supreme Court on August 28, 1997. That petition was denied on November 25, 1997, and the clock began running 30 days later, on December 25, 1997. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001). Another 3 days passed until he mailed the instant petition to the district court on December 28, 1997. Absent any additional tolling, the clock on Rogge's petition had run for 395 days as of the time his federal habeas petition was filed (139 + 146 + 107 + 3 = 395), 30 days past the one-year time limit.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Relying on our holding in *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), Rogge contends that he was entitled to statutory tolling during the 146 and 107 days periods during which he was preparing his habeas petitions to the Court of Appeal and the California Supreme Court. *See* 28 U.S.C. § 2244(d)(2). We agree. *See Carey v. Saffold*, —— U.S. ——, ——, ——, 122 S.Ct. 2134, 2138, 2140, 153 L.Ed.2d 260 (2002); *Nino*, 183 F.3d at 1006.[1] The 253 additional days he gains is more than enough to render his federal habeas petition timely.

**REVERSED and REMANDED.**

---

1. The state argues that there is no statutory tolling because the claims Rogge presented in his petition to the California Court of Appeal differed from the claims denied by the Superior Court. That argument is foreclosed by *Tillema v. Long*, 253 F.3d 494 (9th Cir.2001). And, at any rate, the claims he presented to the Court of Appeal and the California Supreme Court were identical.

