Davon Elimu MCCOY, Petitioner—
Appellant,

v.

Cheryl PLILER, Warden, Respondent—
Appellee.

No. 01–55395.

D.C. No. CV–99–07116–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.[*]

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and
TASHIMA, Circuit Judges.

MEMORANDUM [**]

California state prisoner Davon Elimu McCoy appeals pro se the district court's

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001), and we reverse and remand.

McCoy's conviction became final on December 3, 1997, so his federal habeas petition filed on July 12, 1999 is untimely absent tolling of the AEDPA statute of limitations. McCoy contends that the district court erred by not granting him statutory tolling under 28 U.S.C. § 2244(d)(1)(B). He also contends that he is entitled to equitable tolling based on his claim that he did not receive notice that the California Supreme Court had rejected his petition for review as untimely until five months after he submitted it to authorities for filing.

McCoy is entitled to statutory tolling while he is properly pursuing state habeas relief, *see Nino v. Galaza,* 183 F.3d 1003, 1005 (9th Cir.1999), and as a pro se prisoner, his petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk. *See Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir.2001) (holding that prison mailbox rule applies for statutory tolling purposes). Accordingly, the AEDPA statute of limitations is statutorily tolled from the time he submitted his state habeas petition to authorities for filing on November 25, 1998, until thirty days after the California Supreme Court denied his petition on June 30, 1999. *Id. See also Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (concluding that California Supreme Court denial of a petition for collat-

eral review is not final until thirty days after filing); *Nino* at 1005.

We therefore conclude that McCoy's federal petition was timely filed, and we reverse and remand for further proceedings.[1]

**REVERSED AND REMANDED.**

---

1. Because statutory tolling renders his federal petition timely filed, we need not address McCoy's equitable tolling claim.

