**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK WILLIAM TRUDEAU, Petitioner - Appellant, v. D. L. RUNNELS, Warden Respondent - Appellee. | No. 08-17578 D.C. No. 1-02-cv-05764-LJO-SMS MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: COWEN,[**] TASHIMA and SILVERMAN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Frank William Trudeau, a California state prisoner, appeals from the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2254 on the ground that it was barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Trudeau argues that the District Court erred in concluding that he was not entitled to equitable tolling of the limitations period. We agree.[1]

Trudeau's conviction and sentence became final on April 17, 2000, when the United States Supreme Court denied his petition for writ of certiorari at the conclusion of his direct appeal. *See* 28 U.S.C. § 2244(d)(1)(A). At that time, Trudeau had one year to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). One year and seven days later, on April 25, 2001, Trudeau commenced collateral review proceedings in state court.[2] If Trudeau is entitled to seven days or more of

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's dismissal of Trudeau's habeas petition de novo. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

[2] The District Court initially determined that Trudeau's state habeas petition was not filed until May 1, 2001, the date it was docketed. Upon review, however, we concluded that the petition should be deemed filed on April 25, 2001, the date that Trudeau placed it in the prison mailbox, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), and we remanded the matter for further development of the record on the issue of equitable tolling. *Trudeau v. Runnels*, 120 F. App'x 95, 96 (9th Cir. 2005) (non-precedential).

2

equitable tolling, this state-court filing would toll the running of the limitations period, *see* 28 U.S.C. § 2244(d)(2), such that his federal habeas petition would be timely.[3]

The District Court erred in holding that Trudeau was not entitled to equitable tolling. "[W]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (quoting *Miles*, 187 F.3d at 1107). In this case, several circumstances beyond Trudeau's control combined to interfere with his ability to promptly file his habeas petition: his lawyer delayed in informing him that the Supreme Court had denied his petition for certiorari; he was unable to access the prison law library for prolonged periods of time due to a series of prison lockdowns; and his lawyer did not send him copies of his transcripts for

---

[3] The parties do not discuss on appeal how statutory tolling affects the ultimate timeliness of Trudeau's federal habeas petition. Trudeau previously argued, however, that his petition would be timely based on the following reasoning. If he is entitled to seven or more days of equitable tolling, then the one-year limitations period had not yet expired when he filed his state habeas petition on April 25, 2001. Pursuant to 28 U.S.C. § 2244(d)(2), the filing of that state petition tolled the limitations period until May 31, 2002, thirty days after the California Supreme Court rejected his final collateral challenge. *See Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Because Trudeau filed his federal habeas petition on May 28, 2002, several days before the limitations period recommenced, his petition was timely. Based on our review of the record, this analysis, which has not been disputed by the government, appears to be correct.

142 days despite his repeated requests.  Because Trudeau was diligently pursuing his rights throughout this period, we conclude that he was entitled to at least seven days of equitable tolling, thus rendering his federal habeas petition timely.

**REVERSED AND REMANDED.**

4