**Thomas James WELCH, Petitioner–Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent–Appellee.**

No. 00–15366.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2001

Filed Sept. 24, 2001

David M. Porter, Assistant Federal Defender, Sacramento, California, for the petitioner-appellant.

Janis Shank McLean, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

Before: CANBY, HAWKINS, and GOULD, Circuit Judges.

Opinion by Judge CANBY; Concurrence by Judge GOULD.

CANBY, Circuit Judge:

Petitioner Thomas James Welch, a prisoner of the State of California, appeals from the federal district court's dismissal of his petition for a writ of habeas corpus. The district court determined that Welch had failed to satisfy the one-year statute of limitations for a state prisoner filing a federal habeas petition, *see* 28 U.S.C. § 2244(d)(1), and therefore dismissed the petition as untimely. We conclude that the period of limitations was tolled to an extent that rendered Welch's petition timely. We accordingly reverse.

## Background

Welch is a California state prisoner serving a life sentence with the possibility of parole. He pled guilty to two counts of attempted murder, and his conviction became final on December 17, 1993. On January 12, 1994, Welch filed a petition for writ of habeas corpus in the California Superior Court, attacking the validity of his guilty plea. The court denied the petition on March 17, 1994. Over four years later, on August 22, 1998, Welch submitted an original petition for writ of habeas corpus to the California Supreme Court. The petition raised claims that were different from the claim he raised in the Superior Court.[1] The California Supreme Court denied this petition without comment or citation on February 24, 1999.

Welch then filed a petition for writ of habeas corpus with the federal district court on March 25, 1999. The State filed a motion to dismiss, asserting that the petition was barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1).

The district court granted the motion. It reasoned that Welch had only one year after the passage of § 2244(d)(1) to file his petition, and that year expired on April 24, 1997; Welch's 1999 federal petition was therefore untimely. The district court subsequently granted a certificate of appealability, and this appeal followed.

## Discussion

■ Effective April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, ("AEDPA"). AEDPA imposed, for the first time, a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. *See* 28 U.S.C. § 2244(d)(1). For prisoners like Welch, whose convictions had become final before passage of AEDPA, the one-year limitations period began running on AEDPA's effective date, April 24, 1996, and expired on April 24, 1997, unless it was tolled. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001).

The AEDPA limitation is subject to an important tolling provision, however. It provides: "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The district court determined that the one-year limitations period was not tolled between the date of denial of Welch's petition by the California Superior Court and the date of Welch's filing of his original habeas petition with the California Supreme Court, because no properly filed petition was pending during that period. Consequently, under the district court's view, Welch's one year to file a federal petition ended on April 24, 1997, making his 1999 federal habeas petition untimely.

■ We reject the district court's analysis.[2] Under our case law, post-conviction review is "pending"—and thus AEDPA's statute of limitations is tolled—

---

1. In the Superior Court in 1994, Welch attacked the validity of his guilty plea on the ground that his trial counsel had been ineffective in not informing him of the time he must serve in state prison before being eligible for parole. Four years later, in the California Supreme Court, Welch attacked the plea on the grounds that the plea had not been voluntary, that his counsel was ineffective for allowing Welch to enter a plea while he was allegedly under the influence of medication, and that his appellate lawyer was ineffective in arguing for withdrawal of the plea.

2. The district court reached its decision before we decided *Saffold v. Newland,* 250 F.3d 1262 (9th Cir.2000), and thus the court was without the benefit of its guidance on the tolling question presented here.

from "the time the *first* state habeas petition is filed until the California Supreme Court rejects the petitioner's *final* collateral challenge." *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) (emphasis added). This tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level. *Id.* Under this rule, therefore, Welch's state post-conviction review was "pending" from the entire period between January 12, 1994–the date on which Welch filed his first petition for writ of habeas corpus in the California Superior Court-until February 24, 1999, when the California Supreme Court rejected Welch's final challenge. Consequently, AEDPA's one-year statute of limitations was tolled from April 24, 1996, the date on which AEDPA was enacted, until February 24, 1999, and Welch's March 1999 federal petition was timely.

■ The State argues that the statute of limitations was not tolled here for two reasons, neither of which convinces us. The State first observes that AEDPA's limitations period is tolled only when a petitioner is *properly* pursuing his state collateral remedies, *see Nino,* 183 F.3d at 1006.[3] The State contends that Welch did not properly pursue such remedies here because he waited four and a half years to

file his subsequent petition with the California Supreme Court.[4]

This argument runs afoul of our decision in *Saffold v. Newland,* 250 F.3d 1262 (9th Cir.2000). There, we concluded that a petitioner was entitled to statutory tolling under AEDPA even though the petitioner had waited four and one-half months after the California Court of Appeal denied his petition before he filed his next petition in the California Supreme Court. *Id.* at 1267–68. Our decision in *Saffold* turned, not on the length of the time gap between petitions, but on the fact that the California Supreme Court had addressed Saffold's petition on the merits.[5] *Id.* at 1267. We reasoned that the purpose of AEDPA's tolling provision was to give state courts an opportunity to address the merits of the petitioner's claim before the federal courts intervened, and thus we declined to adopt a rule that would have required Saffold to have filed his federal petition before the California Supreme Court ruled on the merits of his claim. *Id.*

In so ruling, we emphasized that we were merely following the tolling rule set out in *Nino,* which provides that time is tolled under AEDPA while a petitioner is "attempting to exhaust state collateral remedies *through proper use of state court*

---

3. This requirement refers to " 'proper use of state court procedures,' " *Nino,* 183 F.3d at 1006 (quoting *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir.1999)), not to the proper filing of the petition. A petition is " 'properly filed' " in state court within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis in original). The State does not dispute that Welch complied with the state courts' mechanical filing requirements.

4. The State's argument assumes that if the California Supreme Court denied a petition

on the ground of untimeliness, the petitioner would not be entitled to tolling. *Nino* left that question undecided, however. *See Nino,* 183 F.3d at 1006 n. 4. We similarly do not address it.

5. The California Supreme Court's order denying Saffold relief stated, in its entirety: "Petition for writ of habeas corpus is DENIED on the merits and for lack of diligence." *Saffold,* 250 F.3d at 1267. Notwithstanding the language concerning the petitioner's "lack of diligence," we construed the California Supreme Court's order as a dismissal on the merits. *Id.*

*procedures."* *Id.* at 1266 (citing *Nino,* 183 F.3d at 1006) (emphasis added in *Saffold*). Applying this rule, we implicitly recognized that the question of whether a petitioner has made "proper" use of state court post-conviction relief procedures is for the state courts, rather than the federal courts, to decide.[6] *Id.* at 1266–67. Because the California Supreme Court had addressed the petitioner's claim on the merits, we viewed the California Supreme Court as having recognized the petitioner's use of post-conviction relief procedures to have been "proper," and thus within AEDPA's tolling provision. *Id.* at 1267–68.

*Saffold* is controlling in this case because the California Supreme Court's order denying Welch relief without comment or citation constituted a denial on the merits. *See Hunter v. Aispuro,* 982 F.2d 344, 347–48 (9th Cir.1992).[7] Thus, notwithstanding Welch's four and one-half year delay, his use of California post-conviction relief procedures must be deemed to have been "proper" under our reasoning in *Saffold.* Consequently, Welch's delay in filing does not defeat tolling under AEDPA.

The State's next argument is that there was no tolling between the denial of Welch's first petition and the filing of his second petition because the claims raised in the first petition were altogether different from the claims raised in the second.

Under the State's view, because Welch never followed up on the claim he raised in the first petition, there was no review "pending" from March 25, 1994, when the Superior Court denied Welch's petition, to August 22, 1998, when Welch filed his original petition with the California Supreme Court.

We reject this contention. Recognizing that a petitioner can file multiple petitions while seeking to exhaust relief in California, we held in *Nino* that AEDPA's statute of limitations is tolled from the time "the *first* state habeas petition filed until the California Supreme Court rejects the petitioner's *final* collateral challenge." 183 F.3d at 1006 (emphasis added). In so stating, we did not require that a petitioner raise the same claims that he raised below, nor did we require that a petitioner pursue remedies at each level of review. *Id.* Indeed, we recognized that "[t]here are two methods by which a petitioner may seek review by the California Supreme Court after a habeas petition is denied by the Court of Appeal. The preferred method is by a petition for review, but the petitioner is also free to file instead an original petition in the California Supreme Court." *Saffold,* 250 F.3d at 1266 n. 4 (citing *Nino,* 183 F.3d at 1006 n. 2). By definition, an original petition does not require that a petitioner raise the same claims that he may have raised below, nor

6. Notably, *Nino* itself recognized that the question of whether a petitioner's pursuit of state post-conviction relief was "proper" was a question for state courts to resolve, rather than the federal courts. *Nino* stated: "Because it is not at issue in this case, we express no opinion as to whether tolling pursuant to AEDPA should be applied if the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims.... We also do not express an opinion as to whether tolling would be appropriate if the California state courts had determined the state prisoner had not

been properly pursuing his state post-conviction remedies." *Nino,* 183 F.3d at 1006 n. 4.

7. A denial of relief by a state supreme court without comment might be deemed to rest on a procedural ground if that ground was the only one urged by the state in support of dismissal, or if a lower court whose judgment was under review had made a reasoned decision denying the petition on procedural grounds. *See Siripongs v. Calderon,* 35 F.3d 1308, 1317 (9th Cir.1994). Neither condition obtains here.

does it require that a petitioner pursue remedies at each level of review.

Our conclusion that Welch was not required to reallege the same claims in his petition with the California Supreme Court is bolstered by the text of AEDPA's tolling provision, which states that "[t]he time during which a properly filed application for State post-conviction ... review with respect to the pertinent *judgment or claim* is pending" is tolled from the limitation period. 28 U.S.C. § 2244(d)(2) (emphasis added). This language unequivocally provides that, as long as there was a state habeas petition pending that arises out of the same *judgment* on which the federal petition is based, post-conviction review is "pending," even if the precise claim presented to the state court that tolled the statute is not realleged in the federal petition. *See Tillema v. Long*, 253 F.3d 494, 502 (9th Cir.2001) ("AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition.") (footnote omitted). Here, Welch's separate petitions arose out of the same 1993 judgment, and the California Supreme Court, in deciding his petition on the merits, did not rule Welch's petition to be untimely or his employment of post-conviction relief procedures to have been otherwise improper. Thus, his application for post-conviction review was "pending" on January 12, 1994, the date on which he filed his first habeas petition, even though the claim he pursued in that petition was not raised in his federal habeas petition. *See id.* And it remained "pending" until February 24, 1999, when the California Supreme Court rejected Welch's final challenge on the merits. *See Nino*, 183 F.3d at 1006. Consequently, AEDPA's statute of limitations was tolled from the date of AEDPA enactment until February 24, 1999, making the federal petition that Welch filed in March 1999 timely. We accordingly reverse the judgment of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**

GOULD, Circuit Judge, concurring:

I concur in the opinion of the court because this case is controlled by *Saffold v. Newland*, 250 F.3d 1262 (9th Cir.2000). However, I am concerned that the application of the rule of *Saffold* here operates substantially to frustrate the intent of Congress in imposing a one-year limitations period for state prisoners filing federal petitions for habeas corpus in AEDPA. Congress itself recognized tolling during the pendency of post-conviction or collateral review proceeding in state courts, explicitly providing: "The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). In accord with *Saffold*, the court today holds that the final order of the California State Supreme Court must be viewed as if it addressed the appellant's claims on the merits, and all time that went before while state proceedings were invoked, from start to end, and despite lengthy interim delays, is tolled. I agree *Saffold* requires us to so hold.

At oral argument, counsel for appellant acknowledged that there is in effect no time limit whatsoever on state court proceedings. That is where *Saffold* leads us. Appellant's counsel urged that the state courts could avoid what seemed to be abusive delays and lack of finality by modifying their system of resolution to rule explicitly that a state habeas proceeding is

denied for untimeliness or lack of proper state procedure. Whatever else we may have the power to decide, we cannot decide how the California Supreme Court will manage the pace or form of resolution of matters presented to it under state law. *Saffold* leaves us with this problem and no apparent way to resolve it.

Perhaps it would be desirable if the rule announced in *Saffold* were reexamined to determine if that rule should be maintained, modified, or rejected. However, such a task, even if desirable, cannot properly be undertaken by a panel of our court.