**George BLACK, Petitioner–Appellant,**

v.

**Linda CLARKE, Warden, Respondent–Appellee.**

No. 00–55488.

D.C. No. CV–99–01115–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Black's request to appear and argue the

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM **

George Black, a California State prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand. We review de novo a district court's dismissal of a habeas corpus petition as untimely. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the statute of limitations is tolled during the time a state prisoner is attempting to exhaust his claims in state court. 28 U.S.C. § 2244(d)(2). This court has held that "the statute of limitations is tolled from the time the first habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

The district court held that Black's habeas petition was untimely. After the district court entered its order, additional relevant cases have been decided. *See Saffold v. Newland,* 224 F.3d 1087 (9th Cir.2000), *cert. granted,* —— U.S. ——, 122

S.Ct. 393, 151 L.Ed.2d 297 (2001); *Welch v. Newland,* 267 F.3d 1013 (9th Cir.2001). In light of *Nino, Saffold* and *Welch,* we remand to the district court for further consideration of the timeliness of Black's petition.

VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

