Henry KILPATRICK, Petitioner–Appellant,

v.

Glen MUELLER, Warden, Respondent–Appellee.

No. 00–16457.

D.C. No. CV–99–02115–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Henry Kilpatrick appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's dismissal of a habeas petition on statute of limitation grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We also review de novo a district court's decision regarding equitable tolling. *Id.*

Kilpatrick's convictions became final prior to the enactment of the AEDPA, therefore, he had until April 24, 1997, to file his section 2254 petition. *See Welch v. Newland*, 267 F.3d 1013, 1014–15 (9th Cir. 2001). Even excluding the entire time during which his state habeas petitions were pending in the California courts, Kilpatrick's federal petition should have been filed no later than May 28, 1999. *See Welch*, at 1017–18 (concluding that one year statute of limitations is tolled until the California Supreme court rejects petitioner's final collateral challenge). Kilpatrick's petition filed October 25, 1999, therefore, is untimely unless he can show he is entitled to statutory or equitable tolling.

Kilpatrick contends that limited access to the prison library and excusable neglect of the AEDPA one-year statute of limitations are extraordinary circumstances warranting equitable tolling. *Miles v. Prunty*, 187 F.3d at 1107 (stating that when external forces, rather than the petitioner's lack of diligence, account for the failure to file a

timely claim, equitable tolling may be appropriate). We reject these contentions. Kilpatrick does not allege that the prison library did not maintain a copy of the AEDPA or case law interpreting its provisions, nor does he explain how limited library access prevented him from filing his petition for almost one year after the California Supreme Court denied his state petition. Furthermore, Kilpatrick's federal petition raises essentially the same issues raised and briefed in the state courts. *See Miles*, 187 F.3d at 1107 (concluding that equitable tolling is available only where extraordinary circumstances beyond petitioner's control make it impossible to file a timely petition); *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001) (determining that petitioner must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness). Therefore equitable tolling is not appropriate in this case, and the district court properly dismissed Kilpatrick's petition as untimely.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.