Brad Clifton **CARNEY**, Petitioner–
Appellant,

v.

**C.A. TERHUNE**, Director, The Califor-
nia Department of Corrections, Re-
spondent–Appellee.

No. 00–56748.
D.C. No. CV–99–01594–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2001.*

Submission withdrawn Oct. 18, 2001.

Resubmitted Nov. 21, 2002.

Decided Nov. 26, 2002.

Before O'SCANNLAIN, and PAEZ,
Circuit Judges, and KING,** District
Judge.

MEMORANDUM ***

Brad Clifton Carney appeals an or-
der dismissing his 28 U.S.C. § 2254 peti-
tion as time-barred by the one-year statute
of limitations set forth in 28 U.S.C.
§ 2244(d). We have jurisdiction under 28
U.S.C. §§ 1291 & 2253, and we affirm.

A district court's decision to dismiss a
writ of habeas corpus on statute of limita-
tions grounds is reviewed de novo. *Miles*

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

*v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999).

Carney's first federal petition was dismissed without prejudice on October 18, 1996, for failure to pay the $5 filing fee. Under *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2001), the period while that first petition was pending is not tolled. In any event, the first petition was pending only two weeks and that time would not help Carney even if was excluded. Although the dismissal was "without prejudice," *Tillema v. Long,* 253 F.3d 494 (9th Cir.2001) (requiring equitable tolling if district court did not give a petitioner the option of proceeding only on exhausted claims in a mixed section 2254 petition) does not apply because the dismissal was not based upon lack of exhaustion. Because the filing fee was not paid, the district court did not even need to reach whether to give Carney the option of proceeding only on exhausted claims. Moreover, even if that first petition were mixed, the dismissal certainly did not "literally and immediately extinguish[ ] his right to federal habeas review." *Id.* at 504. The limitations period had not expired during the short time the first federal petition was pending.

Given the grace period for filing federal petitions after passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Carney had one year from AEDPA's effective date (absent some sort of tolling) to file his section 2254 petition. The deadline was April 24, 1997. *See Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001).

After dismissal without prejudice of his first federal petition, Carney chose not to refile immediately. Instead, he waited some five months, until March 3, 1997, and then began a second round of state habeas corpus proceedings. The state post-conviction process finished on July 29, 1998.

The limitations period within which to file a federal habeas petition tolled for the approximately year and five-months (from March 3, 1997 until July 29, 1998) that the state post-conviction proceedings were pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (construing "properly filed"); *Carey v. Saffold,* 536 U.S. 214, ——, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002) (allowing reasonable time between levels of review under California law to count toward period of tolling under section 2244(d)(2)).

Even so, however, Carney's second federal petition was late. The limitations period had run unabated from April 24, 1996 to March 3, 1997 (313 days) with, given *Duncan,* no exclusion of time for the pendency first federal petition. Thus, Carney had 52 days left to file his new federal petition after July 29, 1998. It was therefore due on or before September 19, 1998. Carney filed it on July 26, 1999 (given the benefit of the mailbox rule). He was over 10 months late.

Carney argues that the entire period from March 30, *1995* until July 29, 1998 should be tolled because March 30, 1995 marked the time that he first raised a federal due process claim in a state court habeas petition filed on November 1, 1994. *See Welch v. Newland,* 267 F.3d 1013, 1017 (9th Cir.2001) (indicating that federal period is tolled from first state petition until final collateral challenge). This argument fails because the California Supreme Court, in its order of August 16, 1995, reviewed the due process manslaughter instruction issue which Carney now asserts was still alive in 1998. That is, the rele-

vant issue—whether Carney was denied due process because the trial court failed to instruct on a lesser included offense of manslaughter—was presented to the California Supreme Court in 1995 and could not have been incorporated in the California Supreme Court's July 26, 1998, denial.[1] The state habeas petition filed on November 1, 1994, could not have been "pending" in state court until 1998.

Finally, even assuming Carney was late because he received erroneous advice from a public defender's office regarding the due date, he is nevertheless not entitled to equitable tolling. *See Frye v. Hickman,* 258 F.3d 1036 (9th Cir.2001) (finding that negligence on counsel's part is not grounds for equitable tolling).

**AFFIRMED.**

---

1. Moreover, if the issue in the second federal petition is considered to be a *new* due process issue regarding the retroactivity of *Cowan v. Superior Court,* 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438, 442 (Cal.1996) (allowing waiver of manslaughter's statute of limitation), then the claim would also be barred by the one-year period in section 2244(d) because the petition was not filed by September 19, 1998.