Anthony RANDOLPH, Petitioner—
Appellant,

v.

Don TAYLOR, Warden, Respondent—
Appellee.

No. 01–56845.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2003.*

Decided June 13, 2003.

Before: HALL, THOMAS, and PAEZ,
Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Anthony Randolph appeals the district court's dismissal as untimely of his 28 U.S.C. § 2254–based federal habeas corpus petition. We review the dismissal of a federal habeas petition based on the Antiterrorism and Effective Death Penalty Act's (hereinafter "AED-PA") one-year statute of limitations *de novo, see Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir.2002), and we affirm. Be-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause the parties are familiar with the factual and procedural history of this case, we need not recount it here.

## I

The district court correctly applied subsection (A) of 28 U.S.C. § 2244(d)(1), rather than subsections (B) or (D), as urged by Randolph.

For subsection (D) to apply, Randolph would have to show that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence prior to the time he filed his habeas petition. 28 U.S.C. § 2244(d)(1) (2000). None of the four claims on which Randolph seeks relief depend on a factual predicate that was either unknown to Randolph or undiscoverable through the exercise of due diligence. *See, e.g., Hasan v. Galaza,* 254 F.3d 1150, 1154 (9th Cir.2001). All of Randolph's claims build from a factual predicate of which Randolph was aware—and often ratified or actively created—at or before the time of sentencing. Subsection (D) thus does not apply. 28 U.S.C. § 2244(d)(1)(D) (2000).

Nor does subsection (B) apply in this case. Neither federal nor California law invest Randolph with a right to his transcripts in the collateral review context absent a showing of good cause. *See United States v. MacCollom,* 426 U.S. 317, 324–27, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *United States v. Van Poyck,* 980 F.Supp. 1108, 1111 n. 2 (C.D.Cal.1997); Cal. Ct. Rule 56(c)(4) (1999). The absence of this documentation thus did not constitute an unlawful or unconstitutional state-created impediment to proper filing, and subsection (B) accordingly does not apply. 28 U.S.C. § 2244(d)(1)(B) (2000).

## II

■ The district court correctly rejected Randolph's equitable tolling argument.

AEDPA's statute of limitations is, in some circumstances, subject to equitable tolling. *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002) (citations omitted), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). Where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," equity and fairness demand that AEDPA's statute of limitations not run to that prisoner's disadvantage. *Id.* at 1066 (citations omitted).

Randolph's petition satisfies neither component of this conjunctive equitable tolling test: because Randolph had no right to transcripts in the collateral context, the trial court's denial of those transcripts absent cause does not constitute an extraordinary circumstance in the first instance; and because Randolph's claims all depend on facts well-known to him at the time of sentencing, the deprivation of this documentation cannot be said to have made proper filing impossible. *Id.* Equitable tolling is thus not warranted, and we affirm the district court's decision not to apply it. *Cf., e.g., Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir.2002) ("[T]he state's alleged refusal to provide [petitioner] with a complete transcript does not justify equitable tolling."), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003).

## III

■ Under § 2244(d)(2), AEDPA's one-year statute of limitations is tolled during "the time that a state prisoner is attempting to exhaust his claims in state court." *See Nino v. Galaza,* 183 F.3d 1003, 1004–05 (9th Cir.1999); 28 U.S.C. § 2244(d)(2) (2000). Whether a state petitioner's use of state court procedures is proper is a question for the state courts, *see Welch v. Newland,* 267 F.3d 1013, 1016–17 (9th Cir. 2001), and where the state courts reach a

decision on the merits of a petition, we have extrapolated an attendant finding of proper use of state court procedures. *Id.*

By refusing to reach the merits of Randolph's petition, the State Supreme Court in this case deemed Randolph's pursuit of state post-conviction remedies inadequate. Denying Randolph's petition, the California Supreme Court relied expressly on two decisions specifically touching on timeliness and procedural issues—namely, *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949), and *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995); in so doing, the California Supreme Court expressly refrained from reaching the merits of Randolph's petition and thus declared Randolph's use of state court procedures improper. Because it did so, the California Supreme Court placed Randolph's approach squarely within the one of the areas to which *Nino's* tolling principles do not apply, *see* 183 F.3d at 1006 n. 4, and we thus affirm the district court's decision to dismiss Randolph's federal habeas petition as untimely.

AFFIRMED.